UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| E.W., | ) | |
| | ) | |
|     Plaintiff, | ) | Case No. 5:25-cv-00017-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| FRANK BISIGNANO[1], *Commissioner of* | ) | **&** |
| *Social Security*, | ) | **ORDER** |
| | ) | |
|     Defendant. | ) | |

*** *** *** ***

Plaintiff seeks judicial review of an administrative decision denying his claim for Disability Insurance Benefits (DIB). Plaintiff E.W. brings this action pursuant to 42 U.S.C. § 405(g), alleging error on the part of the administrative law judge who considered the matter.[2] The Court, having reviewed the record and for the reasons set forth herein, will **DENY** E.W.'s Motion for Summary Judgement [R. 11.] and **GRANT** the Commissioner's [R. 13.]

**I**

Plaintiff E.W. filed his application for social security benefits on July 6, 2022, alleging a June 27, 2022 disability onset date. [R. 5 at 14.] His claim was denied initially on December 2, 2022, and upon reconsideration on February 10, 2023. *Id.* at 21. E.W. then submitted a written

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Federal Rule of Civil Procedure 25(d), Frank Bisignano should be substituted as the Defendant in this action. No further action is needed to continue this suit pursuant to Section 205(g) of the Social Security Act which reads "[a]ny action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office." 42 U.S.C. § 405(g).

[2] The claimant's initials are used in lieu of his name to protect his sensitive medical information contained throughout this Memorandum Opinion and Order.

request for a hearing, and on September 18, 2023, ALJ Lyle Eastham conducted a hearing. *Id.* ALJ Eastham issued his decision on November 28, 2023, denying E.W.'s application for benefits. *Id.* E.W. then requested review of ALJ Eastham's decision with the Appeals Council. [R. 11 at 2.] The Appeals Council denied E.W.'s request for review on October 29, 2024. *Id.* E.W. then filed a Complaint with this Court seeking judicial review under 42 U.S.C. § 405(g). [R. 1.] Both parties have now filed motions for summary judgment which are ripe for review. [R. 11; R. 13.]

## II

To evaluate a claim of disability for Supplemental Security Income disability benefits, the ALJ conducts a five-step analysis. *See* 20 C.F.R. § 416.920. If at any step the ALJ can find that the claimant is disabled or not disabled, the analysis stops. 20 C.F.R. § 404.1520(a)(4). First, if a claimant is performing substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(a)(4)(i). Second, if a claimant does not have a severe impairment or combination of impairments, he is not disabled. 20 C.F.R. § 404.1520(ii). Third, if a claimant's impairments meet or equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), (d).

Before moving on to the fourth step, the ALJ must use all the relevant evidence in the record to determine the claimant's residual functional capacity, which assesses his ability to perform certain physical and mental work activities on a sustained basis despite any impairment. *See* 20 C.F.R. §§ 404.1520(e), 404.1545. Under the fourth step, the ALJ uses a claimant's RFC to determine whether he is still able to do his past work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, he is not disabled. *Id.*

Finally, at step five, if the ALJ assesses a claimant's RFC in conjunction with his age, education, and work experience and finds that the claimant cannot adjust to perform other jobs available in significant numbers in the national economy, the claimant is disabled. 20 C.F.R. §§ 404.1520(g), 404.1560(c). Through step four of the analysis, "the claimant bears the burden of proving the existence and severity of limitations caused by [his] impairments and the fact that [he] is precluded from performing [her] past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

**A**

ALJ Eastham completed the requisite five-step analysis to determine E.W.'s disability status. [R. 5 at 14-24.] He first determined that E.W. has not engaged in substantial gainful activity since June 27, 2022, which is the alleged onset point of the period in which he claims to be disabled. *Id.* at 16. Next, the ALJ found that E.W. suffered from the following severe impairments: (1) gout, (2) Morton's neuroma, (3) benign neoplasm of the pituitary gland, (4) hypothyroidism, and (5) obesity. *Id.* But at step three, the ALJ found that none of these impairments, nor any combination of them "meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. . ." *Id.* at 17.

Before proceeding to step four, the ALJ fashioned E.W.'s RFC. *See* 20 C.F.R. § 404.1520(e). After considering the record, the ALJ determined that:

> [T]he claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except that the claimant can frequently reach, handle, finger, and feel with the bilateral upper extremities. He can occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds. The claimant can frequently balance as the term is defined in the Selected Characteristics of

3

>Occupations. He can frequently stoop and occasionally crouch, kneel, and crawl. The claimant can have only occasional exposure to vibrations. He can never work at unprotected heights or with dangerous machinery.

*Id.* at 18. Next, the ALJ proceeded to step four, concluding that E.W. is unable to perform any past relevant work. *Id.* at 22. In reaching this conclusion, the ALJ specifically addressed whether E.W. could perform work as a store laborer or a stock clerk, dairy department, concluding that he could not. *Id.* Thus, the ALJ concluded that E.W. is unable to perform past relevant work "as actually or generally performed." *Id.* at 23.

Proceeding finally to step five, the ALJ heard testimony from a vocational expert and determined that, considering E.W.'s age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that E.W. can perform. *Id.* These jobs include: (1) patient transporter, of which there are 41,000 positions in the national economy, (2) dietary aide, of which there are 43,000 positions in the national economy, and (3) counter supply worker, of which there are 27,000 positions in the national economy. *Id.* at 23-24. Consequently, the ALJ found that E.W. had not been under a disability, as defined in the Social Security Act, from June 27, 2022, through the date of his decision. *Id.* at 24. The Appeals Council declined to review the case on December 5, 2024. [R. 1.] E.W. now seeks judicial review in this Court.

B

This Court's review is limited to determining whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *Shelman v. Heckler*, 821 F.2d 316, 319-20 (6th Cir. 1987). "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v.*

*Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  The substantial evidence standard "presupposes that there is a zone of choice within which [administrative] decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

In determining the existence of substantial evidence, courts must examine the record as a whole.  *Cutlip*, 25 F.3d at 286 (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)).  However, a reviewing court may not conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) (citation omitted); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Rather, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion.  *See Ulman*, 693 F.3d at 714; *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The Court "limit[s] [its] consideration to the points that [E.W.] appears to raise in h[is] brief on appeal." *LaFollette v. Kijakazi*, 3:22-cv-32-REW, 2023 WL 7167177, at *10 (E.D. Ky. Sept. 18, 2023) (quoting *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006)).  In the instant matter, E.W. objects to the RFC that the ALJ determined for E.W.  [R. 11 at 7-11.]  More specifically, E.W. contends that the ALJ's decision to reject E.W.'s statements regarding the severity, persistence, and limiting effects of his symptoms was both contrary to relevant Social Security regulations and unsupported by substantial evidence.  *Id.* at 7-11.

In considering a claimant's symptoms, the ALJ follows a two-step process in which the ALJ first determines whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the claimant's alleged symptoms. 20 C.F.R. § 404.1529(b). The ALJ then evaluates the intensity and persistence of the claimant's symptoms, and the extent to which these symptoms limit the claimant's capacity for work. 20 C.F.R. § 404.1529(c). The ALJ must take into account a claimant's subjective statements about their symptoms, and the ALJ must evaluate those statements in relation to the objective medical evidence in reaching a conclusion. 20 C.F.R. § 404.1529(c)(4).

In evaluating a claimant's severity of symptoms, relevant factors include: (1) the claimant's daily activities, (2) the location, duration, frequency, and intensity of the pain, (3) factors that precipitate and aggravate symptoms, (4) the type, dosage, effectiveness, and side effects of medication, (5) the treatment the claimant receives or has received for the relief, (6) any other measures the claimant has used to relieve pain, and (7) any other factors concerning the claimant's limitations. 20 C.F.R. 404.1529(c)(3). While these factors provide the guideposts for the ALJ's analysis, "[t]he ALJ's decision need not contain discussion and citations as to every possible factor to be sufficiently specific." *Childers v. Kijakazi*, 5:31-cv-285-JMH, 2022 WL 2706150, at *3 (E.D. Ky. July 12, 2022) (citing *Thacker v. Comm'r of Soc Sec.*, 99 Fed. Appx. 661, 664 (6th Cir. 2004)).

Here, ALJ Eastham found that E.W.'s medically determinable impairments could be reasonably expected to cause his alleged symptoms. [R. 5 at 19.] However, the ALJ found that E.W.'s statements concerning the intensity, persistence, and limiting effects of the symptoms were not entirely consistent with the medical evidence and other evidence in the record. *Id.* E.W. first contends that ALJ Eastham erred in arriving at this conclusion because the ALJ

6

"fail[ed] to properly identify how the Plaintiff's statements conflict with the objective medical evidence as required by 20 C.F.R. § 404.1529(c)(4)." [R. 11 at 8.] Essentially, E.W. avers that the ALJ was obliged to explain how E.W.'s statements conflicted with the objective medical evidence, and he further contends that the ALJ failed to do so adequately. *Id.* at 7-9.

E.W. correctly notes that 20 C.F.R. § 404.1529(c)(4) expressly requires the ALJ to *consider* the claimant's statements about his symptoms and whether there are any conflicts with other evidence. However, the regulation does not impose a requirement that the ALJ discuss and explain at length every conflict between the objective medical evidence and the claimant's alleged symptoms, nor does it require the ALJ to explain why he chose to credit certain evidence over the claimant's statements. *See Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006) (quoting *Loral Defense Sys.-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999) (An "ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") Rather, the ALJ is tasked with providing an explanation that is "sufficient to enable a reviewing court to create a logical bridge between the evidence and the result." *Green v. Comm'r of Soc. Sec.*, No 3:20-cv-1623-JCG, 2022 WL 610643, at *3 (N.D. Ohio Mar. 2, 2022).

Here, when rejecting E.W.'s statements as to the intensity, persistence, and limiting effects of his symptoms, the ALJ stated that "in formulating this conclusion, the undersigned has considered the claimant's activities of daily living, medication and treatment history, and the opinion evidence." [R. 5 at 21.] The ALJ then proceeds to detail E.W.'s specific activities of daily living, medication and treatment history, and the opinion evidence he relied upon in reaching his conclusion. *Id.* at 21-22. While the Court agrees with E.W. that meaningful review of an ALJ decision requires more than "blanket assertions that the claimant is not believable,"

7

ALJ Eastham provided far more than a conclusory statement that E.W.'s statements were not credible. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 248 (6th Cir. 2007).

Specifically, regarding E.W.'s foot pain, the ALJ noted that E.W. had reported a ninety-percent improvement in his pain following a steroid injection, and E.W. is able to complete household chores, drive, and grocery shop. [R. 5 at 19-21.] Additionally, the ALJ noted that E.W. has not been prescribed pain any medication, and that his physician noted that surgery may be possible to improve his conditions. *Id.* at 21. In light of the foregoing, the Court finds that the ALJ has sufficiently demonstrated a "logical bridge between the evidence and the result." *Green*, 2022 WL 610643, at *3. An ALJ is not required to make "explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Rottmann v. Comm'r of Soc. Sec.*¸817 Fed. Appx 192, 195-96 (6th Cir. 2020). By detailing the evidence that he relied upon in reaching his conclusion, ALJ Eastham sufficiently explained his decision to discredit E.W.'s statements regarding the intensity, persistence, and limiting effects of his symptoms.

E.W. next contends that the ALJ's decision to discredit E.W.'s statements concerning the intensity, persistence, and limiting effects of his symptoms was not supported by substantial evidence. [R. 11 at 7.] E.W. argues that the ALJ's explanation actually supports, rather than discredits, E.W.'s claims regarding his symptoms. *Id.* Importantly, the ALJ, rather than the reviewing court, is charged with evaluating the claimant's credibility.[3] *Rogers v. Comm'r of*

---

[3] Regarding credibility determinations, E.W. posits that the ALJ may be owed less deference where, as here, the hearing is conducted by telephone and thus, the ALJ is unable to observe the claimant's demeanor. [R. 11 at 10.] However, the Social Security Administration has noted that "subjective symptom evaluation is not an examination of an individual's character." SSR 16-3P, 2017 WL 5180304, at *2 (Oct. 25, 2017). Rather, in this context, the ALJ considers the extent to which the individual's claimed symptoms are consistent with the other evidence in the record. *Id.* at 7-8. As such, the Court

*Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007).  Additionally, the ALJ may reject or accept a claimant's subjective complaints when making a determination of disability.  *Jones¸*336 F.3d at 476.  Moreover, "[d]iscounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).   However, credibility determinations of the ALJ must be reasonable and supported by substantial evidence.  *Id.* at 249.

As noted above, ALJ Eastham found that E.W.'s medically determinable impairments could reasonably be expected to cause his alleged symptoms.  [R. 5 at 19.]  However, ALJ Eastham found that E.W.'s statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record.  *Id.*  In reaching this conclusion, the ALJ first explained the medically determinable impairments that could reasonably be expected to cause E.W.'s alleged symptoms.  *Id.*  Proceeding to determine the intensity, persistence, and limiting effects of these symptoms, ALJ Eastham noted that, as to E.W.'s foot and leg pain, E.W. had received a steroid injection, was advised to use ice therapy, and was fitted for custom foot inserts.  *Id.*  ALJ Eastham then noted that at his follow-up appointment, E.W. reported that he experienced a ninety percent improvement in his pain.  *Id.*

ALJ Eastham also considered E.W.'s activities of daily living, medication and treatment history, and opinion evidence.  *Id.* at 21.  As to E.W.'s activities of daily life, ALJ Eastham noted that E.W. testified that he can sweep, vacuum, mop, and dust, but it takes longer for him to perform these tasks.  *Id.*  The ALJ also noted that E.W. testified that he shops at the grocery store

---

declines E.W.'s invitation to disrupt longstanding precedent regarding the deference given to ALJ's determinations of credibility on these grounds.

once per week and is usually able to walk around the store. *Id.* As to E.W.'s medication and treatment history, ALJ Eastham noted that E.W. has not been prescribed any pain medication, and he takes over-the-counter pain medication, soaks his feet in warm water with Epsom salt, and wears special shoes—all with no relief. *Id.* The ALJ also noted that E.W. has not seen a medical practitioner for his feet pain since 2022, but that E.W. testified that since he is no longer standing due to not working, his feet are better. *Id.*

On review, the Court finds the ALJ reasonably concluded that E.W.'s subjective statements regarding his physical limitations were inconsistent with his daily activities, medication history, and treatment history. The Sixth Circuit has routinely held that "an ALJ may consider household and social activities in evaluating complaints of disabling pain." *O'Brien v. Comm'r of Soc. Sec.,* 819 Fed. Appx. 409, 417 (6th Cir. 2020) (quoting *Blacha v. Secy of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990)). The Sixth Circuit has also held that a claimant's ability to drive, shop, and perform household tasks supported an ALJ's finding that the claimant was not disabled. *See Buxton v. Halter*, 246 F.3d 762, 775 (6th Cir. 2001).

The ALJ's conclusion is further supported when viewed in conjunction with E.W.'s lack of prescription pain medication and reported improvement in pain following treatment. *See e.g. Masters v. Comm'r of Soc. Sec.*, 707 Fed. Appx. 374, 379 (6th Cir. 2017) (holding that the ALJ reasonably concluded that the claimant was not incapable of performing work considering her day-to-day activities and the medication taken to alleviate her pain); *see also Turk v. Comm'r of Soc. Sec.*, 647 Fed. Appx. 638, 641 (6th Cir. 2016) (holding that substantial evidence supported the ALJ's decision where pain medication and spinal injections alleviated symptoms). As such, substantial evidence supports the ALJ's finding that E.W.'s statements concerning the intensity,

persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record.

### III

Thus, after reviewing the record, the Court finds that substantial evidence supports the ALJ's decision finding that E.W. is not disabled, as defined by the Social Security Act. Even if the evidence could also support another conclusion, the ALJ's decision must stand because the evidence reasonably supports his conclusion. *See Her*, 203 F.3d at 389-90; *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Plaintiff E.W.'s Motion for Summary Judgment **[R. 11]** is **DENIED**;
2. The Commissioner's Motion for Summary Judgment **[R. 13]** is **GRANTED**; and
3. **JUDGMENT** in favor of the Commissioner will be entered contemporaneously herewith.

This the 24th day of February, 2026.

Gregory F. Van Tatenhove
United States District Judge